## D. B. Martin Company, Appellant, *v.* Williams.

*Contract—Principal and agent—Affidavit of defense—Practice, C. P.*

In an action to recover the price of fertilizers for use on a farm, it appeared from plaintiff's statement that the owner of the farm had, previous to the purchase of the fertilizers, entered into an agreement in writing with a married woman by which the latter with the assistance of her husband was to farm the land and divide the net profits with the owner. The statement of claim set forth the contract and averred directly that the defendant had appointed the husband as assistant and agent to carry on the business of farming the land, and that the husband acting as agent of the defendant purchased the material, and that the fertilizers were usual, proper and useful articles for carrying on farming operations as contemplated by the contract between the owner and her associate. An affidavit of defense was filed which stated that the man to whom the goods were sold "was not at the time of the purchase by him of said goods, the agent of deponent, and acting in that behalf under her authority and direction, nor was his said action in purchasing said goods ever ratified or approved by her," and that the purchaser of the goods was not a party to the agreement mentioned in the statement, or by said agreement constituted and appointed deponent's agent. *Held,* that the affidavit of defense was insufficient to prevent judgment.

Argued Nov. 21, 1905. Appeal, No. 26, Oct. T., 1905, by plaintiff, from judgment of C. P. Bucks Co., Sept. T., 1904, No. 57, discharging rule for judgment for want of a sufficient affidavit of defense in case of The D. B. Martin Company v. Hetty A. Williams. Before RICE, P. J., ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for goods sold and delivered. Before STOUT, P. J.

The averments of the statement of claim and affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was order discharging the rule for judgment.

*Herman Yerkes,* of *Yerkes, Ross & Ross,* with him *Frank R. Shattuck,* for appellant.—The affidavit does not meet the material averments of the statement. It but states conclusions and not facts or details from which the court may say whether or not they amount to a defense. This is not sufficient: Marston v. Trustees of State Hospital, 18 Pa. Superior Ct.

547; Mack Paving Co. v. Young, 166 Pa. 267; Superior Nat. Bank v. Stadelman, 153 Pa. 634.

Where one manages a farm for another it is such an agency as authorizes the employment of labor and can be established by oral proof: Patterson v. Brindle, 9 Watts, 98; Duncan v. Hartman, 143 Pa. 595; Marshall v. Bobst, 1 Pittsburg, 137.

*Wm. C. Ryan,* for appellee.—The affidavit expressly traverses the original obligation upon which the plaintiff bases its cause of action, with a specific denial of its material parts, and the whole tenor of said affidavit is in refutation of the claim set forth in plaintiff's statement: McPherson v. Bank, 96 Pa. 135; Hutton v. McLaughlin, 1 Pa. Superior Ct. 642; Williams v. Myers, 3 Pa. Superior Ct. 481; Leo v. Pennsylvania Railroad Company, 9 Pa. Superior Ct. 196; Deacon v. Smaltz, 10 Pa. Superior Ct. 151.

OPINION BY PORTER, J., March 12, 1906:

The plaintiffs brought this action of assumpsit against Hetty A. Williams and Sarah W. Brown and judgment was taken against Sarah W. Brown in default of an affidavit of defense. Hetty A. Williams filed an affidavit of defense, which the court below deemed sufficient and discharged a rule for judgment, from which order the plaintiffs appeal.

The plaintiffs attached to and made part of their statement a copy of a written agreement between Hetty A. Williams and Sarah W. Brown which contained the following material covenants: Hetty A. Williams being the owner of three farms agreed to have Sarah W. Brown, with the assistance of her husband, George B. Brown, farm the same on the following conditions. ". . . . Parties of the second part agree to use their best skill and endeavor to farm said properties in the most profitable manner, make all returns for sales made from the product of said farms to parties of the first part, as well as to keep an account of all expenses of operating said properties, and to turn them over to Edith Williams for recording. . . . It is further agreed between the parties hereto that the net profits derived from the farming of properties, above referred to, shall be equally divided between the parties hereto. It is understood that all expenses of every nature in the working of said

properties, including interest on mortgages, and taxes on said properties shall be deducted from the gross in order to arrive at the net profits. . . . It is further agreed that Edith Williams shall keep all accounts as well as cash account, same to be open to and subject to the inspection of both parties hereto at all times, and an account of stock shall be taken at least once each year on the first day of April, and the amount of each one's interest, and profits, and losses determined." The agreement was signed by Hetty A. Williams and Sarah W. Brown, but not by George B. Brown. The statement distinctly averred that George B. Brown was appointed by the defendants as assistant and agent to carry on said business ; that said George B. Brown purchased of plaintiffs the fertilizers, for the price of which this action was brought, for use in said farming operation, and that the goods were furnished and delivered to said defendants for use upon said farms and that they were used by the defendants upon the farms. The statement further averred that the materials and fertilizers furnished and delivered by plaintiffs " were usual, proper and useful articles for carrying on the farming operation upon said farms, and their purchase was an expenditure of the nature provided and specified for in said agreement, under which he (George B. Brown) was appointed agent, in the working of said properties and the proper farming and improvement of the same."

The only defense alleged in the affidavit of Hetty A. Williams was, " That George B. Brown . . . . was not at the time of the purchase by him of said goods, the agent of deponent and acting in that behalf under her authority and direction, nor was his action in purchasing said goods ever ratified or approved by the deponent ; that while deponent did enter into the agreement set forth in said statement, marked exhibit ' A,' with Sarah W. Brown, the said George B. Brown was not a party thereto, nor by said agreement constituted and appointed deponent's agent or representative in any capacity."

The allegation of the affidavit of defense that Brown " was not at the time of the purchase by him of the goods, the agent of deponent and acting in that behalf under her authority and direction," can only, in view of the failure to deny the specific allegation in the statement of the facts from which the plaintiffs averred the power of the agent to have arisen, be accepted

as an assertion of a conclusion of law.  The allegation that George B. Brown was not a party to the agreement, or by said agreement constituted and appointed deponent's agent or representative in any capacity, is evasive.  It was not necessary that Brown should be a party to the agreement in order to enable the parties to avail themselves of his services in carrying on the farming operation.  The statement of the plaintiffs did not leave the authority of Brown dependent upon any mere inference arising from the provision in the contract that Sarah W. Brown should, " with the assistance of her husband " farm the lands ; that statement contained the independent and specific allegation that the defendants had "appointed George B. Brown as assistant and agent to carry on said business, the best skill and endeavor to be used to farm said properties in the most profitable manner," and that Brown had acted in that capacity.  The affidavit of defense did not deny that Brown had been so appointed to carry on said business, nor that he had acted in that capacity ; it simply averred that the written agreement did not clothe him with that authority.  The written agreement expressly authorized Sarah W. Brown to associate her husband with herself in the management of the farms, and under this provision she could avail herself of his services to do any act or make any contract which she had power to do or make.  The statement averred that the fertilizers were usual, proper and useful articles for carrying on the farming operations upon said farms, and their purchase was an expenditure of the nature provided and specified for in said agreement, in the working of said properties and the proper farming and improvement of the same.  This allegation was not denied in the affidavit of defense and must be accepted as true.  Assuming that it was usual and customary to use fertilizers of this character in farming operations in that locality, then Sarah W. Brown had authority to make such a purchase and bind by the contract Hetty A. Williams jointly with herself, under the provisions of their written agreement : Duncan v. Hartman, 143 Pa. 595.  What Sarah W. Brown might have done she, under the provisions of this agreement, could authorize her husband to do.

The affidavit of defense does not deny that George B. Brown had been appointed agent to carry on this farming operation,

nor that he had purchased these fertilizers for the purpose of that operation, nor that the fertilizers had been actually used in the operation upon the lands of the defendant, Hetty A. Williams, nor that such purpose and use was usual and proper in such business. The defendant having permitted all of these facts to stand uncontradicted, we are constrained to hold the affidavit of defense insufficient. Hetty A. Williams in her affidavit expressly admits that she had executed the contract the legal effect of which was to make her jointly liable with Sarah W. Brown for debts lawfully contracted in carrying on the farming operation in which they became associated. She may now honestly believe that although George B. Brown was regularly authorized to buy supplies to be used in carrying on the business he did not, while acting within the scope of that business, have authority to bind her personally, but that belief is a mistake of law.

The record is remitted to the court below, with directions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.